1

2

3

4
UNITED STATES DISTRICT COURT

5
NORTHERN DISTRICT OF CALIFORNIA

6

7
MARC OLIN LEVY,

Case No. 17-cv-00409-JSC

8
Plaintiff,

9
v.

ORDER REVIEWING AMENDED
COMPLAINT UNDER SECTION 1915
AND DISMISSING CASE

10
VISTA HOLDINGS, et al.,

11
Defendants.

Re: Dkt. No. 8

12

13
Plaintiff Marc Olin Levy, representing himself, brings this civil action against Defendant

14
Vista Holdings / Cashnet USA.[1]  (Dkt. No. 1.)  On January 27, 2017, the Court reviewed

15
Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and dismissed the complaint with leave to

16
amend for failure to allege a basis for subject matter jurisdiction.  (Dkt. No. 5.)  The Court

17
concluded that Plaintiff failed to allege facts to support diversity jurisdiction—the basis alleged in

18
his complaint—and noted that while there may be a basis for federal question jurisdiction, the

19
"only cause of action that Plaintiff explicitly mentions is fraud, which is a state common law claim

20
insufficient to invoke federal question jurisdiction."  (*Id.* at 3.)  The Court ordered Plaintiff to file

21
an amended complaint by March 2, 2017 and noted that failure to file an amended complaint by

22
that deadline would result in dismissal for lack of subject matter jurisdiction.  (*Id.* at 4.)

23
In response to that Order, Plaintiff filed a letter stating that he "ha[s] decided to change

24
[his] case from a 'Diversity of Citizenship' case to a 'Federal Question' case" and clarifying that

25
the sole claim he brings against Defendant is fraud.  (Dkt. No. 8.)  The Local Rules require that

26
"[a]ny party filing . . . an amended pleading must reproduce the entire proposed pleading and may

27

28
_____

[1] Plaintiff has consented to this Court's jurisdiction under 28 U.S.C. § 636(c).  (Dkt. No. 3.)

not incorporate any part of a prior pleading by reference."  N.D. Cal. Civ. L.R. 10-1.  Thus, Plaintiff's letter, which appears to rely on the factual allegations of his initial complaint, is improper.  However, because Plaintiff is representing himself, the Court nevertheless construes the letter as an amended complaint incorporating the allegations of the initial complaint.  So construed, Plaintiff still fails to establish a basis for subject matter jurisdiction.  As the Court previously mentioned, fraud is a state common law claim insufficient to invoke subject matter jurisdiction as it does not "aris[e] under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331.

Elsewhere, Plaintiff alleges that "[t]his is an obvious case of fraud and other crimes" and asks the Court to "inform [him] of the exact and specific crimes [Defendant] has committed against [him] in this case" because he is representing himself.  (Dkt. No. 8.)  Although the Court must read a pro se complaint liberally, even pro se plaintiffs must allege facts sufficient to provide fair notice to the defendant as to the nature of the plaintiff's claims.  *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court cannot divine those allegations and thus, the claims that follow, for a plaintiff.  Moreover, to the extent that Plaintiff seeks to bring claims for violations of federal criminal statutes—like mail or wire fraud, 18 U.S.C. §§ 1341, 1343—and asks the Court to identify claims for violations of other statutes, such claims are not cognizable because plaintiff, as a private citizen, does not have standing to prosecute crimes.  *See, e.g.*, *McDonald v. Lee*, No. 2:15-cv-1256-KJM-KJN PS, 2015 WL 2758012, at *3 (E.D. Cal. Aug. 11, 2015) (on Section 1915 review, dismissing the plaintiff's claims for violation of federal criminal statutes for lack of standing).

Even if the Court were to assume that Plaintiff is proceeding under diversity jurisdiction, which he now expressly disclaims, the $75,000 amount in controversy is not met.  *See* 28 U.S.C. § 1332(a).  While he demands $10,000,000.00 in his complaint, his claim arises from an $800 loan.  From the face of the complaint the Court can conclude to a legal certainty that there is less than $75,000 actually in controversy.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).  Accordingly, diversity jurisdiction is not satisfied.

Generally, "[d]ismissal without leave to amend is improper unless it is clear . . . that the

2

1   complaint could not be saved by an amendment," *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972

2   (9th Cir. 2009), and "a pro se litigant is entitled to notice of the complaint's deficiencies and an

3   opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248

4   (9th Cir. 1995). But "[t]he district court's discretion to deny leave to amend is particularly broad

5   where plaintiff has previously amended the complaint." *Cafasso, U.S. ex rel. v. Gen. Dynamics*

6   *C4 Sys.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citations omitted).

7   Here, the Court previously granted Plaintiff leave to amend and instructed Plaintiff regarding the

8   subject matter jurisdiction deficiency. The Court specifically noted that fraud alone is not a

9   sufficient basis for federal question jurisdiction, and the amended complaint fails to articulate any

10  other cognizable legal claims against Defendant that would give rise to federal question

11  jurisdiction. And, as explained above, diversity jurisdiction is not available. The Court therefore

12  finds that the deficiency in the amended complaint could not be cured by further amendment.

13          As Plaintiff has not established that the Court has subject matter jurisdiction over this

14  action, the Court DISMISSES the case without prejudice to Plaintiff filing in state court. The

15  Clerk of Court shall close the file.

16          **IT IS SO ORDERED.**

17  Dated: March 9, 2017

18

19

20  JACQUELINE SCOTT CORLEY
    United States Magistrate Judge

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3